[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for unpaid rent and the cost of repairs to the rental property. The facts of this case are straightforward. The parties entered into a two year lease of plaintiff's condominium. The term of the lease was from October, 1991 through September, 1993. The agreed upon rent was $1,100 per month with the defendants responsible for utilities. The defendants vacated the premises at the end of December, 1992. At trial they testified they were forced to vacate because of noxious gas odors and recurring problems with the plumbing and appliances.
After the defendants vacated the plaintiffs were able to re-rent the apartment commencing the middle of February, 1993 at the rate of $1,000 per month, or $100 less than the rent paid by the defendants. In all, the plaintiffs claim $2,300 of unpaid rent, consisting of $1,100 for January, 1993; $600 for one-half of February, 1993; and $700 representing the $100 per month difference between the defendants' rent and that of the new tenants over the seven months remaining on the lease. CT Page 3789
Prior to the new tenants moving in the plaintiffs painted and papered the apartment and made other improvements and repairs that they testified were made necessary by the tenants failure to properly maintain the apartment. The plaintiffs seek to recover the approximately $1,500 they expended for these repairs, together with unpaid utility bills.
I. Rent
The defendants argue that they are excused from paying rent, pursuant to General Statutes 47a-5 and 47a-7, because the conditions in the apartment materially affected their health and safety. Specifically, they point to a recurring odor of gas, problems with the heating and cooling system and appliances that constantly needed repair. The plaintiff testified that the gas company was called each time a complaint was lodged and that the other problems were promptly attended to.
While the evidence demonstrates that there were recurring problems in the condominium as described by the tenants, those problems did not rise to the level of rendering the premises uninhabitable or otherwise constitute violations that materially affected the health or safety of the occupants. Accordingly, the tenants are liable for January, 1993 rent in the amount of $1,100; $600 rent for one half of February; and $700 for the difference between the rent the plaintiff's would have received had the lease not been breached and the rent they received upon reletting of the premises. The total of the preceding is $2,400.
II. Damages
The plaintiffs seek to recover the cost of repairs and improvements to the condominium they claim resulted from the failure of the defendants to properly maintain the premises. Specifically, the plaintiffs painted and papered the walls; cleaned the rugs and made miscellaneous other repairs totalling approximately $1,500. The defendants are responsible, if at all, only for those damages above normal wear and tear. Fish v. Dudzokowski, HHD #166 (Spada, J.). The repairs and improvements in this case were not occasioned by any damage caused by the defendants who left the premises in substantially the same condition, less normal wear and tear, as when they first occupied it. The plaintiffs are CT Page 3790 therefore not entitled to reimbursement for the costs they incurred to paint and paper the apartment.
Plaintiffs are awarded damages for the unpaid utility bills in the amount of $238.
Defendants are entitled to a set off of $1300 for their security and accrued interest.
Judgment for the plaintiff therefore in the amount of $1338, plus costs.
SO ORDERED.
Holzberg, J.